STEPHEN W. MONK, Respondent, *v.* THE TOWN OF NEW UTRECHT, Appellant

It is within the discretion of commissioners of highways of a town, where they have not sufficient funds in their hands to make all needed repairs, to apply the funds in making such repairs as in their judgment are most urgently needed, and they are not responsible for an error in judgment in doing so.

Under the provisions of the statute prescribing the method of laying out highways in the towns of the county of K. (Chap. 670, Laws of 1869), and in compliance with the provisions of the act of 1873 (Chap. 364, Laws of 1873), directing the commissioners appointed by the former act to lay out ' Eighty-sixth street," said street was laid out and constructed in accordance with the plan laid down by the commissioners.

The street was graded up in one place about thirty feet above the adjoining land. No provision was made in the plan for a railing or fence on the outer lines of the road at the top of the bank. The commissioners of highways of the town of N. U. (defendant), upon whom is imposed the duty of keeping that portion of the street in their town, when completed, in repair, kept the roadway in repair and in so doing expended all the moneys in their hands. In an action under the act of 1881 (Chap. 700, Laws of 1881), making towns liable in certain cases for injuries caused by a defective highway, to recover damages for injuries alleged to have been sustained by reason of negligence on the part of the commissioners in not erecting some barrier at the top of the bank. *Held: First.* The omission was not a defect in the highway. *Second.* Conceding it to have been such, as the commissioners of highways had expended the moneys in making other repairs they deemed more urgent, the town was not liable. *Third.* The defect if any, was in the plan and was not chargeable to the officers of the town.
The street was laid out with a roadbed sixty feet wide, in the center of which was a street car track; on each side was a sidewalk eleven feet wide, raised about a foot above the level of the road, bordered near the gutter with a row of trees. Plaintiff, who had been drinking heavily, was placed in the center of the road, on a clear starlit night, with directions to follow the car track to his place of destination. He wandered off the road and fell down the bank. *Held,* that he was chargeable with contributory negligence.

(Submitted February 8, 1887 ; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 18, 1885, which reversed a judgment entered upon an order in favor of defendant, dismissing the complaint after verdict, and which directed a judgment in favor of plaintiff on the verdict.

This action was brought under chapter 700, Laws of 1881, to recover damages for personal injuries received in falling down an embankment of Eighty-sixth street, in the town of New Utrecht, which the complaint alleged had been negligently left by the commissioners of the town without a fence or railing.

The material facts are stated in the opinion.

*Wm. Sullivan* for appellant. A municipality, by virtue of its general obligation to keep in repair all the public improve-

ments within its territorial jurisdiction, is not bound, although its streets may, in fact, be dangerous, either to remedy the defect inherent in the plan itself, or guard the traveling public against accidents from such defect. (*City of Detroit* v. *Buckman*, 22 Am. R., 507 [34 Mich. 125] ; *City of Lansing* v. *Toolan*, id. 510 [37 Mich. 152] ; *Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67, 71 ; *Conrad* v. *Trustees of Ithaca*, 16 id. 158 ; *Weet* v. *Trustees of Brockport*, id. 161, 173 ; Laws of 1869, chap. 670 ; Laws of 1873, chap. 364, §§ 1, 2, 5, 9 ; Dillon on Munic. Corp. [3d ed.], § 974 ; *Maximilian* v. *Mayor, etc.*, 62 N. Y. 160 ; *Tone* v. *Mayor, etc.*, 70 id. 158, 165, 166 ; *Ham* v. *Mayor, etc.*, id. 459 ; *N. Y. & B. S. M. & L. Co.* v. *City of Brooklyn*, 71 id. 580 ; *Terhune* v. *Mayor, etc.*, 88 id. 248, 251 ; *Bamber* v. *City of Rochester*, 26 Hun, 587.) In this State the liability of towns in respect of their highways, under chapter 700, Laws of 1881, is prospective and only co-extensive with that of highway commissioners. (*Fraser* v. *Town of Tompkins*, 30 Hun, 168 ; *Eveleigh* v. *Town of Honesfield*, 34 id. 140 ; *Shepherd* v. *Lincoln*, 17 Wend. 250 ; *People* v. *Adsit*, 2 Hill, 619 ; *Smith* v. *Wright*, 27 Barb. 622, 631, 632 ; *Williams* v. *East India Co.*, 3 East. 192.) The highway commissioners could not have procured any more money than they received, nor could they provide themselves with any other means. (*Baker* v. *Loomis*, 6 Hill, 463 ; *People ex rel. Everett* v. *B'd of Supr's*, 93 N. Y. 397 ; Laws of 1869, chap. 800, § 6.) Under the circumstances the selection of the places to be repaired or fenced was necessarily referred to the discretion of the highway commissioners. (*Garlinghouse* v. *Jacobs*, 29 N. Y. 297, 308, 312, 313, 314 ; *Hover* v. *Barkhoof*, 44 id. 119, 120.) A public officer is not liable in a civil action, nor can he be reached by mandamus for an abuse or improper exercise of discretion in the discharge of a duty administrative or *quasi* judicial in its nature, no matter how corrupt or sinister his motive. The only remedy is by indictment. (Dillon on Munic. Corp. [3d ed.], § 949 ; *Wilson* v. *Mayor, etc.*, 1 Den. 595, 599, 600 ; *Weaver* v. *Devendorf*, 3 id. 117, 120, 121 ;

*Vail* v. *Owen*, 19 Barb. 22 ; *Barhyte* v. *Shepherd*, 35 N. Y.
238 ; *People ex rel. Francis* v. *Common Council*, 78 id. 33 ;
*E. R. G. L. Co.*, v. *Donnelly*, 25 Hun, 614 ; 93 N. Y. 557 ;
*Cain* v. *City of Syracuse*, 95 id. 83.)

*A. Simis, Jr.*, for respondent. It was the duty of the
highway commissioners of the town to keep the high-
ways thereof in repair, and the town is made liable for all
damages to person or property by reason of defective high-
ways. (Laws of 1881, chap. 700 ; *Hyatt* v. *Trustees of
Rondout*, 44 Barb. 385 ; 61 N. Y. 509 ; 51 id. 513 ; *Ring* v.
*City of Cohoes*, 77 id. 83 ; *Gillespie* v. *Newburgh*, 54 id.
468 ; S. & R. on Negligence, § 39 ; *Hubbell* v. *City of
Yonkers*, 35 Hun. 349.) The duty to keep the highway in
repair is ministerial, and for a negligent omission to perform
this duty, an action lies by the party injured. (*Hines* v.
*City of Lockport*, 50 N. Y. 238 ; *Warren* v. *Clement*, 24
Hun, 474.) The commissioners of highways should be held
liable for a neglect of duty as they have ample funds in their
hands, and the injury to an individual occurs from their
wrongful omission to use them, though they may not always
have such funds. (*Robinson* v. *Chamberlain*, 34 N. Y. 395 ;
*Hover* v. *Barkhoof*, 44 id. 113 ; *Olmstead* v. *Dennis*, 77 id.
382.) When improvements have been made to a street, the
duty of keeping it in repair so as to prevent its being
dangerous to the public is ministerial, and for a negligent
omission to perform it an action by the party injured will
lie. (*Hines* v. *Lockport*, 50 N. Y. 236 ; *Urquhart* v.
*Ogdensburgh*, 91 id. 71 ; *Hubbell* v. *Yonkers*, 35 Hun, 349.)

RUGER, Ch. J. This action was brought to recover dam-
ages occasioned to the plaintiff, by falling down a slope or
declivity, adjoining the road known as Eighty-sixth street, in
the town of New Utrecht, Kings county.

This slope descended from the northerly exterior line of
the sidewalk thirty feet, at an angle of about thirty degrees,
and was intercepted near the middle, by a fence running

parallel with the road. The road was built about the year 1874, and was laid out with a roadbed sixty feet wide, flanked on either side by sidewalks eleven feet wide, raised about one foot above the level of the road, and bordered near the gutters with rows of trees. It was located partly in the town of New Utrecht, and partly in Gravesend, and extended from the village of Bath to Fort Hamilton, both lying on or near the seashore, about two miles apart.

The accident occurred about ten o'clock in the evening, at a point nearly half way between the two villages ; the plaintiff walking off the sidewalk and rolling down the embankment on the north side of the road, whereby he sustained bodily injuries.

The negligence complained of was the omission of the defendant to erect a railing or fence at the top of the bank sufficient to prevent persons using the highway from walking or falling down the declivity.

We are of the opinion that the town owed no duty to the traveling public to erect such fence, and that it was not negligence on its part, or that of its highway commissioners, to omit to do so.

The alleged defect was incident to the plan of the road and was created by the elevation of the road above the level of the adjacent land. Such irregularities are not at all uncommon in rural highways, and are not supposed to present any danger to the traveling public, when using ordinary care in the use of the road. The town had furnished a safe and sufficient roadway of unusual width, whose boundaries were indicated on either side by a gutter and elevated sidewalk, bordered by rows of trees; and was under no obligation to erect barriers to prevent travelers from wandering into the adjoining fields. No possible difficulty existed in this case to prevent a traveler from following either the road or sidewalk by marks which could both be seen and felt, and it would be imposing a burden beyond all precedent to require a town to remove irregularities in the surface of the land, outside of the road, for fear that some traveler might wander there and thus sustain injury.

Neither at common law nor by the statute were towns under any legal liability to respond in damages, even to persons injured by defects in the highways, until after the enactment of chapter 700 of the Laws of 1881.

A manifest difference in this respect, arising out of charter provisions, and the obvious requirements of the situation, exists between village and municipal corporations, and country towns, in respect to such obligations. (*Hyatt* v. *Trustees of Rondout*, 44 Barb. 385.)   It was held in *People ex rel. Van Keuren* v. *Bd of Town Auditors* (74 N. Y. 310) that " under oui system no corporate duty is imposed upon towns in respect to the care, superintendence or regulation of highways within their limits." " Commissioners of highways have by the statute the care and superintendence of highways," and " they are responsible in a civil action for any injury resulting from their neglect to repair a highway (if provided with means for that purpose), whereby an individual sustains damages."

On the other hand, the town in its corporate character has no control over the highways.   It cannot lay out a highway or discontinue one.   It is not liable for failure to keep highways in repair, and has but limited corporate duties to perform in respect thereto.   (*People ex rel. Everett* v. *Bd. of Sup'rs*, 93 N. Y. 397.)

By the act of 1881, however, it was provided that towns should thereafter be liable for such injuries in cases where the " commissioner or commissioners of highways of said towns are now by law liable therefor."   It is seen that the liability of the towns, is thus made co-extensive with that of commissioners of highways in towns.

No absolute liability for such injuries was ever imposed by law upon such officers, but only a limited responsibility arising out of their negligence, to the extent only, that they were possessed of, or had power to obtain means to make necessary repairs.   (*Hines* v. *City of Lockport*, 50 N. Y. 236; *Hover* v. *Barkhoof*, 44 id. 113.)

It does not affirmatively appear in what manner the commissioners of the town of New Utrecht were supplied with

funds for the repair of its roads and bridges, but it is shown by the evidence of one of its commissioners that he received $2,500 during the year 1882 for such purposes. It was testified to, that such sum was all expended in that year for the ordinary repairs of the roads and bridges, and was not entirely sufficient for that purpose.

The proof showed that from sixty-five to seventy miles of road were within the jurisdiction of the commissioners and required care, expense and repair, and, to have guarded the several places along said roads, where banks or declivities existed, would have required the erection of two or three miles of barriers, in addition to the expense for the legitimate repair of the roadbeds.   Under such circumstances it was confided to the discretion of the commissioners to apply the funds in their hands in making such repairs, as in their judgment were most urgently needed, and they were not responsible for an error of judgment in doing so.   (*Garlinghouse* v. *Jacobs*, 29 N. Y. 297; *Hover* v. *Barkhoof*, 44 id. 118.)

It was therefore error for the court below to charge the jury that if they found "that the great necessity was to keep the actual bed of the roadway safe, they were right in spending it in that way. But if you say it was of more importance to guard this highway then they were wrong."

The direct effect of this instruction was to authorize the jury to find the defendant liable for an error in judgment on the part of its highway commissioners, in a case where they were unable from want of means, to repair all of the defective places, in the highways of the town.

There was not the slightest evidence in the case as to the respective needs of the various places in the highways requiring repairs, and no ground exists upon the evidence for imputing even an error in judgment to them, in expending the funds in their hands.

The exception to the charge was well taken.

We are also of the opinion that under the method in force for laying out and building public roads in the county of Kings, the defect, if any, in the road in question arose from

an error in the plan of the road, and was not chargeable to the officers of the town.

It is provided by chapter 670 of the Laws of 1869, that roads and streets in the towns of Kings county shall be made by certain commissioners, consisting of the respective supervisors of the towns of New Lots, Flatbush, Flatlands, New Utrecht and Gravesend, and the chairman of the board of supervisors of Kings county. They are to have exclusive power to lay out such streets, avenues and public places, of such width, extent and direction as they shall decide, and after the adoption of such permanent plan, no street or avenue shall be laid out in such towns, except in accordance with said plan, and all streets or avenues afterwards opened, shall be made to conform to such permanent plan, and the lines thereof. Such plan is required to be filed in the clerk's office of the county. By chapter 364 of the Laws of 1873, these commissioners were directed to lay out and place upon their map Eighty-sixth street, in accordance with certain conditions therein specified for its direction and location, and this street was afterwards laid out and entered by said com- missioners in conformity thereto.

It was further provided in the same act that, upon the appli- cation of any freeholder whose land should be taken for such road, the County Court of Kings county, or a Special Term of the Supreme Court therein, should appoint three free- holders of New Utrecht and Gravesend to appraise and award damages to the several persons whose land was required for such road, and should also assess such persons and all others owning land within one hundred feet on either side of such road, for the aggregate amount of such awards and the expense of making such awards and assessments. Appro- priate provisions were also made to enforce and collect such assessments and awards. Upon the confirmation of the report of such commissioners by the court, it was further provided that three other commissioners should be appointed by the said courts, or one of them, in the same manner as the previous commissioners had been appointed, to regulate and grade for

public travel such street, and to plant trees along the side-walks, and erect suitable signs with the names of any intersect-ing streets or avenues thereon, and assess the expense thereof upon the premises lying on either side of said street within one hundred feet thereof.

After the grading of said street should be completed, it was provided that the owners of the adjoining premises on either side might fence their lots along the street, and it was then further enacted that the said street so " laid out and mapped should be a public highway and the portions thereof situate within the towns of New Utrecht and Gravesend, shall be kept in repair by the commissioners of highways of those towns respectively."

We have thus stated all of the statutory provisions apply-ing to the subject upon which the defendant's liability, if any, must be predicated.

No complaint is made that the commissioners of highways of the defendant, have not kept the road-bed and sidewalks of Eighty-sixth street in perfect repair since they came under their charge, or that the road was not constructed in every respect, according to the plan laid down by the commissioners charged with the duty of making it.

The charge is that a grade laid out and designed by the street plan outside of the roadway, and not apparently dan-gerous to persons traveling thereon, was not rendered inacces-sible to persons from the sidewalk, by a fence or railing.

We are unable to see any duty resting upon the town to make such fence. The entire duty of laying out, construct-ing and grading this road, as a finished highway was expressly imposed upon the commissioners named in the statutes, and no duty, except that of keeping the street when completed in repair, was confided to, or imposed upon the town authorities. The statutory commissioners were clothed with power and funds to make a safe and complete roadway, finished in all respects, and they undoubtedly supposed they had done so when they turned it over to the town.

All questions as to the feasibility and safety of the route

selected, and of the security of the plan of structure to be adopted, were devolved by statute upon the commissioners charged with the work of making such plans, and the duty of determining these questions was clearly judicial in its nature, dependent upon the judgment and discretion of the body authorized to perform it.

The commissioners were called upon, in constructing a plan, to decide upon the safety of the route adopted, and the dangers thereby to be encountered, and if safeguards were necessary to protect travelers in passing dangerous places, to provide them, and if they failed to do so it constituted simply a defect in the plan of the work arising from an error in judgment as to its necessities. For such errors it is well settled that no liability arises. (*Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67, *S. C.*, 97, 238.)

We also think that the order of the trial judge granting a nonsuit was supported, by the lack of proof showing the plaintiff free from contributory negligence.

The evidence showed him to be the inmate of an inebriate asylum, and that on the day of the accident he had leave of absence for a day, under a pledge that he would abstain from intoxicating drinks during that time. Although he denies that he became intoxicated, he admits that he spent the entire day in going from one saloon or tavern to another, taking beer and other refreshments at each. He is described by every disinterested witness in the case as much intoxicated.

When the circumstances of the accident are considered it is rendered quite clear that it could have happened only by gross carelessness. It occurred on a clear starlit night soon after he had been placed in the middle of a straight, wide road upon which there was a street car track. The road itself was bordered by trees, gutter and a sidewalk. He was directed to his destination, by a person who had guided him half of the way, and told to follow the car track. Objects could be seen plainly for two hundred feet, and no reasonable excuse for his walking off this road seems to exist except the plaintiff's intoxicated condition.

We think the order of the General Term should be reversed and the judgment of nonsuit affirmed, with costs.

All concur.

Judgment accordingly.