THOMAS TAYLOR, RESPONDENT, v. THE VILLAGE OF MOUNT VERNON, APPELLANT.

*Municipal corporation — liability of, for an injury to one falling into an excavation near the sidewalk.*

In an action brought against a municipal corporation to recover damages arising from an injury to the plaintiff, alleged to have resulted from the negligence of the defendant, it appeared that the plaintiff stepped from a sidewalk in a village street into an excavation and was injured ; that the excavation was four feet inside of the stoop line of the house on the street, and did not encroach on the sidewalk, and that the sidewalk had a flag-walk, the inside of which was eight feet from the excavation.

No notice of this condition of things, to the village or its officers, was proved, except to a police officer on the day preceding the accident, and he at once notified the owner to guard the excavation.

*Held,* that the facts in this case did not establish any negligence on the part of the municipal corporation, or justified a recovery against it.

APPEAL by the defendant, the Village of Mount Vernon, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 31st day of March, 1890.

The action was tried before a referee, who filed his report, upon which judgment was entered adjudging that the plaintiff, Thomas Taylor, recover of the defendant, the Village of Mount Vernon, the sum of $2,593, together with costs.

The action was brought to recover damages alleged to have resulted to the plaintiff by reason of his having fallen into an excavation near a sidewalk in the defendant's village.

*Joseph S. Wood,* for the appellant.

*Eugene Archer,* for the respondent.

BARNARD, P. J. :

An owner of lands in the village of Mount Vernon had excavated a cellar thereon flush with the street. There were no lights and no guard-rail placed at the excavation to indicate the danger of leaving the sidewalk. The lots were naturally on the grade of the sidewalk. The plaintiff on the 15th of October, 1887, stepped from the side-walk into the excavation and was injured. The excavation was four feet inside of the stoop line of the house on the street. The sidewalk had a flag-walk, the inside of which was eight feet from the excavation. The excavation did not encroach on the sidewalk and had not caved in so as to diminish the sidewalk. The plaintiff intentionally left the sidewalk for his own purpose and thus stepped into the excavation. The sidewalk itself was not out of repair. Under this state of facts the village owed no duty in respect to the excavation. It had been recently made as a cellar for a new building. It was entirely off the street. No notice is proven to any of the city officers. The only notice shown was to a police officer on the day preceding the accident, and he at once notified the owner to guard his excavation; whether he was liable for neglect, under the case of *Beck* v. *Carter* (68 N. Y., 283), is doubtful. The facts of that case show an invitation to use the place excavated as a highway by the owner and the case seems to have been decided on that ground against the owner. The place excavated was not an exposed place under *Hubbell* v. *The City of Yonkers* (104 N. Y., 434).

It is immaterial whether the excavation was made below the side-walk and entirely on the owner's land or whether the danger be caused by the building of the road by a steep embankment. Where commissioners failed to erect a fence along a bank sufficient to prevent persons using the highway from walking down the declivity, the Court of Appeals say, " we are of the opinion that the town owed no duty to the traveling public to erect such fence and that it was not negligence on its part, or that of its highway commissioners, to omit to do so." (*Monk* v. *Town of New Utrecht*, 104 N. Y., 552.)

This case is not like *Jewhurst* v. *City of Syracuse* (108 N. Y., 303), where there was no visible boundary of the street and the accident happened upon a part of an owner's land used as a street. The plaintiff did not in this case suppose he was using the street, but was departing

· 386 ' PEOPLE ex rel. N. Y. HOSPITAL v. PURDY.

Second Department, December Term, 1890.

from it. In *Ivory* v. *The Town of Deerpark* (116 N. Y:, 476), the highway had been cut away by a railroad and the exposed place was not guarded. The cut was at the end of a sharp curve, so that if the traveler continued in the course of the highway he must be precipitated down the bank. The facts found in the present case fail to show any negligence upon the part of the defendant.

The judgment should, therefore, be reversed and a new trial granted at circuit, costs to abide event.

DYKMAN, J., concurred.

Judgment reversed and new trial granted at circuit, costs to abide event.