GERALD H. KALDAHL AND JEANNE M. KALDAHL, PLAINTIFFS AND APPELLANTS, *v.* THE STATE HIGHWAY COMMISSION, AND THE STATE OF MONTANA, DEFENDANTS AND RESPONDENTS.

No. 12071.
Decided November 4, 1971.
490 P.2d 220.

Morrison & Ettien, Havre, Robert D. Morrison, argued, Havre, for appellants.

Harry C. Alley, argued, Helena, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal is from an order of the District Court granting defendants' motion to dismiss plaintiffs' complaint for failure to state a claim for relief because of the sovereign immunity of the state of Montana.

The issue before us is whether or not this Court should discard the doctrine of sovereign immunity.

The facts are simple. Plaintiffs, Gerald H. Kaldahl and Jeanne M. Kaldahl, while traveling along U. S. Highway No. 2, near Dodson, Montana, were injured in a one car accident. Plaintiffs' alleged it was the duty of the defendants State Highway Commission and the state of Montana to see that the highway was kept in a proper and reasonable state of repair and to erect and maintain warning signs where there were dangerous and unsafe sections of the highway. Plaintiffs further alleged that on or about June 4, 1967, a portion of Highway No. 2 was in a dangerous and defective condition; that the highway was rough, uneven, corrugated, and contained "chuck" holes; that as a result of such condition plaintiffs' automobile jolted out of control causing it to overturn and injure plaintiffs.

Defendants filed a motion to dismiss or for summary judgment on the grounds of lack of jurisdiction over the defendants and a failure to state a claim upon which relief could be granted by reason of sovereign immunity of the state of Montana. The district court granted defendants' motion.

Plaintiffs do not argue the trial court erred in recognizing that sovereign immunity is the rule in Montana, but direct their attack on the validity of the doctrine and request this Court to overrule it.

The doctrine was before the Court in the often cited case of Coldwater v. State Highway Commission, 118 Mont. 65, 162 P.2d 772. The fact situation in *Coldwater*, written by Mr. Justice Cheadle, was similar to the instant case and it was relied upon by the trial court in granting summary judgment. We note that

*Coldwater* established for the first time that the construction and maintenance of our highway system is a governmental function for the use and benefit of the public; and that neither the state nor the highway commission, as an agency of the state, is liable for allegedly defective conditions of highways or for the absence of warning signs.

Since *Coldwater* the legislature has modified the application of this doctrine as it affects cities, towns, counties, and school districts where insurance has been purchased. These modifications appear in the Revised Codes of Montana, 1947:

1. Section 40-4401—Waiver of defense of sovereign immunity required for casualty insurers of state owned property.

2. Section 40-4402—Sovereign immunity defense prohibited when liability insured—reduction of award to policy limits.

3. Section 75-5939—Purchase of liability insurance by trustees of school districts.

4. Section 75-5940—Liability of school districts.

5. Section 75-5941—Personal liability of school district trustees.

In a recent decision, Longpre v. Joint School Dist. No. 2, 151 Mont. 345, 443 P.2d 1, this Court reaffirmed the sovereign immunity doctrine as to governmental units acting in a governmental capacity. However, the Court noted that statutes establishing the requirements as to buses, drivers, and the operation of school buses provided that where a district owned and operated its school buses the district must carry automobile bodily injury and liability insurance and to the extent of the insurance carried sovereign immunity is waived.

As to legal actions against the state, the 1959 legislature passed Chapter 7, Title 83, R.C.M.1947—"Tort Actions Against State," and in seven sections, sections 83-701 through 83-707, carefully determined how, why, and when the state could be sued in a tort action. These legislative enactments recognize tort liability and establish immunity of the state in excess of its collectible insurance. Thus, these statutory provisions provide

a remedy against the state under certain circumstances. The legislature has spoken and we are bound by its enactments.

Therefore in the instant case we find the trial court properly granted summary judgment in dismissing plaintiffs' complaint against the state highway commission and the state of Montana.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, HASWELL, and CASTLES, concur.