STATE OF MONTANA (J. PATRICK BYORTH) (DOROTHY D. BLEEKER) (EDWARD B. CAMPEN), UPON APPLICATIONS FOR WRIT OF SUPERVISORY CONTROL, RELATORS, *v.* THE DISTRICT COURT OF THE FOURTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF GOLDEN VALLEY, AND THE HONORABLE NAT ALLEN, PRESIDING DISTRICT JUDGE, RESPONDENTS.

Nos. 13930, 13931 and 13932.
Submitted Oct. 5, 1977.
Decided Dec. 5, 1977.
572 P.2d 201.

64

Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Cale J. Crowley (argued), Ronald R. Lodders (argued), Billings, for relators.

Longan & Holmstrom, Robert W. Holmstrom (argued), Anderson, Symmes, Forbes, Peete & Brown, James L. Jones (argued), Hibbs, Sweeney & Colberg, Maurice R. Colberg, Jr. (argued), Moulton, Bellingham, Longo & Mather, Moses, Tolliver & Wright, Billings, for respondents.

GORDON BENNETT, District Judge, sitting for JUSTICE HASWELL, delivered the opinion of the Court.

Relator State of Montana seeks an appropriate writ requiring the respondent District Court to vacate its order denying the State's identical motions in three actions now pending in the District Court. The actions arose from the death of four people in a highway accident. Negligence on the part of the State in construction and maintenance of the highway was alleged.

The State moved for summary judgment or judgment on the pleadings based on the defense of sovereign immunity as to claims arising out of death. It also moved for leave to amend its answer to present three additional defenses:

1) Sovereign immunity in death claims.

2) Failure to state a claim (again, presumably, on the sovereign immunity theory).

3) Nonresponsibility of the State due to lack of funds to construct and maintain safety features at the site of the accident, if any were required.

The court denied all four motions and in its order recommended to counsel and to this Court that the issues thus raised be considered by this Court prior to trial under its supervisory authority.

It appearing that the interests of the State, the District Court, the county in which the court sits, and the litigants might best be served by the exercise of that authority, this Court accepted jurisdiction.

Two issues are presented:

(1) May the State maintain a defense of sovereign immunity against claims arising from death?

(2) May the State maintain a defense of "financial feasibility or discretion" in a highway injury or death case?

We conclude neither defense may be maintained.

The Forty-third Legislative Assembly enacted the Montana Comprehensive State Insurance Plan and Tort Claims Act (Ch. 380, L.1973; Sections 82-4301 through 82-4335, R.C.M.1947, hereinafter referred to as the Tort Claims Act), which provided in section 82-4310:

"Every governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties whether arising out of a governmental or proprietary function."

This section was unamended at the time of the accident (March 1, 1976) from which the claims in litigation arose. The Act included the State under its definition of "governmental entity", section 82-4302(3). It does not define "tort" but the title refers to "tort claims" and it does define "claim", section 82-4302(7):

" 'Claim' means any claim against a governmental entity, for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of his employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for such damages under the laws of the state of Montana."

It also defines "personal injury" (for which a "claim" is authorized) as including "* * * any injury resulting from * * * any

bodily injury, sickness, disease or death * * *." This legislation needs little construction or interpretation. The legislature waived the State's sovereign immunity as to death claims, and was unquestionably empowered to do so in the absence of a constitutional prohibition. *Mills v. Stewart*, 76 Mont. 429, 247 P. 332 (1926); *Coldwater v. State Highway Commission*, 118 Mont. 65, 162 P.2d 772 (1945); *Kaldahl v. State Highway Commission*, 158 Mont. 219, 490 P.2d 220 (1971).

■ The State insists, however, that this waiver cannot be applied because (1) Art. II, Section 18, Montana Constitution, sets limits on the power of the legislature to waive sovereign immunity and wipes out previous waivers, and (2) it waives sovereign immunity on claims for injury to a person but not for death. Effective July 1, 1975, after passage and approval of the Tort Claims Act and prior to the incident that gave rise to these actions, Art. II, Section 18 provided:

"The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a ⅔ vote of each house of the legislature."

At the time of the incident, the legislature had passed no legislation, with or without the required two-thirds vote of both houses, providing for sovereign immunity in death cases. No interpretation whatever is required to reach the conclusion that this section prohibits the legislature from *asserting* sovereign immunity in the cases specified, unless and until it does so by the required vote. It does not in any way prohibit the legislature from *waiving* sovereign immunity in any case, nor does it purport in any way to reestablish sovereign immunity previously waived. Thus the 1973 Tort Claims Act stands unaffected by the constitutional provision and it waives sovereign immunity in death cases.

This renders academic the question raised of whether the constitutional provision comprehends death claims. If it does, it would be unconstitutional for the State to assert sovereign immunity as a defense against such a claim without a two-thirds vote of both

houses of the legislature. If it does not, the State is nevertheless free to waive the defense, as it has.

■ We therefore conclude the State may not under Montana's Constitution or any law maintain a defense of sovereign immunity against claims arising from death.

"Financial feasibility or discretion" as a defense suffers from similar infirmity; there is no such defense under the common law, any Montana statute, or Montana's Constitution. The defense rests on the premise that because the legislature fails to appropriate sufficient funds to deal adequately with all of the hazards in the state highway system the Department of Highways must exercise its discretion in allocating funds to deal with these hazards, and should not be held accountable unless it can be shown that it was negligent in doing so.

■ ■ As noted, the Tort Claims Act attaches liability to the State in the same manner and to the same extent that liability attaches to a private person. Section 82-4302(7). There is no common or statutory law which permits the driver of a brakeless car to plead he could not afford brakes because he had decided it was more important to pay his grocery bill. When he drives, the motorist assumes the duty of driving a safe car. If he fails to discharge that duty and that failure results in injury he is liable, regardless of his personal financial priorities. So, too, with the State. Whenever and wherever it chooses to build highways it assumes the duty of building and maintaining them safely and is answerable if it fails to do so. This does not, as argued by relator, make the State an insurer any more than it makes a private party an insurer. The negligence of the State must still be proven. It simply withholds from the State a defense a private party never had.

Over and above the substantive consideration, the procedural complexities of the offered defense militate strongly against it. It would call forth in every highway injury or death case a jury review and decision on the State's entire highway program, including an infinitude of legislative as well as administrative decisions. The defense would need only to be pleaded to bar all but the very

largest of claims, and even with those claims the evidentiary burden would become unmanageable.

The defense raised by respondent herein is of considerable vintage, going back to 1887 and the case of *Monk v. Town of New Utrecht*, 104 N.Y. 552, 11 N.E. 268, wherein it was set up as a protection to officers of a governmental entity who were subject to suit when their acts or omissions resulted in injury to others. While the states and other governmental entities were protected from suit by the doctrine of sovereign immunity, the officers were personally subject to suit. The defense protected these officers where they did not have the financial resources available to carry out all their governmental duties at once. It was valid only where the officers had no legal means available to obtain funds (39 Am.Jur.2d, Highways, Streets and Bridges, § 423), and was available for acts which required the use of discretion. Many states allowed suit against them for torts committed by their employees' ministerial acts, but not as a result of their discretionary acts. Montana's Constitution does not make a distinction between ministerial and discretionary acts. The Tort Claims Act precludes such a distinction by providing that governmental entities are subject to liability for the torts of its employees. Section 82-4310, R.C.M.1947.

The order of the District Court is affirmed and the cause is remanded for further proceedings.

MR. CHIEF JUSTICE HATFIELD and JUSTICES DALY, HARRISON and SHEA concur.