MR. JUSTICE HARRISON
delivered the opinion of the Court.
Plaintiff appeals from a jury verdict and judgment for defendant (the State of Montana) in a personal injury action tried in Lewis and Clark County District Court. The salient facts follow.
Plaintiff is a resident of Seattle, Washington. In October, 1973, he came to Montana to hunt with a friend, McCandless, who lived in Big Fork, Montana. The two men, accompanied by McCandless’ 11 year old son, traveled in McCandless’ pickup from Kalispell to eastern Montana where they hunted deer and antelope. On October 23, 1973, plaintiff and his companions, left an area near Broadus, Montana, to drive to the Radersburg area to hunt elk. Mc-Candless was driving and his son and plaintiff were passengers in the pickup cab. The visability was clear, the road dry, and no-other vehicles were in sight. Approximately three miles, west of Broadus, on a straight, slightly graded uphill stretch of Highway 212, the vehicle moved to the right, its right wheels dropping about nine inches onto the inslope (the outside edge of the pavement). In returning to the pavement, the vehicle went out of control, skidding diagonally across both lanes and rolling over onto its top in the ditch.
Shortly thereafter, a highway patrolman arrived at the scene. At trial he testified that during the ensuing investigation, McCandless informed him that he was watching some antelope when the pickup left the pavement. The officer reported the cause of the accident as “driver negligence”.
During trial, various expert testimony was taken revealing a *500 diversity of opinion regarding the reasonable safety of the road’s design and maintenance. Numerous exhibits were received into evidence showing different standards for the construction and safety of roadside shoulders and in slopes.
Plaintiff raises two issues for our review:
1. Whether the District Court erred in admitting testimony by the State in support of the defense of financial feasibility?
2. Whether the evidence of the State’s negligence clearly preponderates against the verdict and judgment in its favor?
Plaintiff contends the State’s “sole and exclusive” defense was that of financial feasibility which, under State ex rel. Byorth v. District court (1977), 175 Mont. 63, 572 P.2d 201, the District Court erred in admitting.
In Byorth, this Court acting under its supervisory authority upheld the District Court’s denial of State’s motion for leave to amend its answer with (among others) the defense or nonresponsibility “due to lack of funds to construct and maintain safety features at the site of the accident.” Byorth, 572 P.2d at 202. In so holding we stated:
“As noted, the Tort Claims Act attaches liability to the State in the same manner and to the same extent that liability attaches to a private person. Section 82-4302(7). There is.no common or statutory law which permits the driver of a brakeless car to plead he could not afford brakes because he had decided it was more important to pay his grocery bill. When he drives, the motorist assumes the duty of driving a safe car. If he fails to discharge that duty and that failure results in injury he is liable, regardless of his personal financial priorities. So, too, with the State. Whenever and where-ever it chooses to build highways it assumes the duty of building and maintaining them safely and is answerable if it fails to do so. This does not, as argued by relator, make the State an insurer any more than it makes a private party an insurer. The negligence of the State must still be proven. It simply withholds from the State a defense a private party never had.” Byorth, 572 P.2d at 203. We can, however, carry this analogy only so far. The State’s duty to *501 maintain and design safe highways is different than the duty of a driver to drive a safe car. Clearly, evidence of a driver’s decision to pay for groceries before brakes is irrelevant on the issue of an allegedly breached duty of care. It has no legal bearing on the course of conduct taken. But the duty of the State to construct and maintain roadways in a reasonably safe condition stands on a different footing. Factors entering into the decision to elect one alternative over another are relevant to the extent that they bear as evidence on the reasonableness of the decision. The alternatives selected must be realistic, viable and subject to state-of-the-art limitations. Obviously, cost must be a factor.
To be sure, reliance on cost as the sole and determining factor would be tantamount to assertion of a financial feasibility defense and therefore impermissible. However, where cost is but one among many factors affecting the State’s choice of a particular method of construction or maintenance, it is relevant evidence on the reasonableness of the alternative taken.
Plaintiff here contends that “since it [financial feasibility] was not a proper defense, it was not a proper subject of testimony.” We do not agree with this statement. Certainly the State was entitled to introduce evidence relevant to the reasonableness of its conduct in choosing to design, maintain, and repair the stretch of Highway 212 as it did. We have reviewed the instances cited wherein cost testimony was admitted and find none effectively amounts to assertion of a financial feasibility defense.
Moreover, the jury was effectively instructed that financial feasibility was not a defense. Instruction No. 8 read:
“If you find the defendant negligent in planning or constructing or maintaining the highway in question, you may not excuse such negligence on the ground that proper construction was beyond the financial means of the State. Cost is not a factor in the duty of the State to plan, construct and maintain its highways in a reasonable safe condition.”
The instruction properly follows the sequence of determination contemplated by the law of negligence. A finding of negligence or *502 that a duty of care was breached with respect to plaintiff necessarily precedes the assertion of an affirmative defense by the State. Without negligence legal accountability cannot follow. The instruction was, accordingly, predicated upon a finding of negligence.
The Byorth decision precludes the State from relying on financial inability as a defense to a negligence action, but it does not forbid the State from ever mentioning costs as a factor bearing on the reasonableness of its conduct. Here, despite repeated attempts, the defense was not received by the court. No such defense appears in the pleadings. At trial, the State was presumably showing that it was not negligent in its design and maintenance of Highway 212 and therefore presented evidence regarding the factors entering into the decision to resurface the road in a particular manner, i. e., with pavement overlays. Obviously, one such factor was cost.
Plaintiff next contends the evidence clearly preponderates against a verdict for the State. Reciting certain expert testimony and exhibits produced at trial, plaintiff reiterates to this Court that the State failed to meet reasonable standards of safety and knew it. The State, on the other hand, points out that the expert testimony was in conflict as to the appropriate standards and the State’s compliance therewith. It also contends the jury could have found the State negligent but that its negligence was not the proximate cause of plaintiff’s injury.
We do not indulge in conjecture either way. Plaintiff has the burden of proving his case at trial by a preponderance of the evidence. Our function in reviewing the jury’s verdict is to determine whether there was no substantial credible evidence to support the verdict and judgment when viewed in a light most favorable to the prevailing party. We do not retry factual issues. Since the expert testimony and documentary evidence in this case expressed a diver-' sity and conflict of opinion concerning the inappropriate standards of conduct applicable to the State, it cannot be said the evidence supporting the verdict was “so inherently impossible or improbable as not to be entitled to belief.” Berdine v. Sanders County *503 (1974), 164 Mont. 206, 209, 520 P.2d 650, 651, (quoting Wallace v. Wallace (1929), 85 Mont. 492, 502, 279 P. 374, 377. By the same token, the jury is entitled to conclude what they will as to the proximate cause of plaintiff’s injury so long as substantial evidence exists to support their conclusion. Plaintiff here asks us to view certain evidence favorable to him and decide both whether the State breached a duty of care to him and whether such was the proximate cause of his injury. That is the function of the jury.
The verdict and judgment of the District Court is affirmed.
MR. CHIEF JUSTICE. HASWELL and JUSTICES DALY and SHEA concur.