JUSTICE HARRISON
delivered the Opinion of the Court.
Plaintiffs, Charles L. Hash, personal representative of the estate of Michael M. Scott, and Debbie Jo Scott, appeal from a judgment entered against them and in favor of defendant, State of Montana, after a jury trial in the District Court of the Eleventh Judicial District, Flathead County, Montana. We affirm.
Plaintiffs raise the following issues:
1. Did the District Court err in denying plaintiffs’ motions for a directed verdict and for judgment notwithstanding the verdict?
2. Did the District Court err in giving two jury instructions to which plaintiffs objected?
On September 22, 1984, an early fall storm commenced in the vicinity of Marias Pass. By September 24, nine and one-half inches of snow had fallen. The snow that accumulated on U.S. Highway No. 2 was plowed by the Montana Highway Department maintenance crew. Plowing deposited a berm of snow on the edge of the roadway under the guardrail at milepost 194.4. The road at this point is curved and traverses uphill from west to east at approximately a four and one-half percent grade. The curve has an approximate three percent downhill slope from south to north. Narrow canyon walls shade the area until late in the morning and again late in the afternoon.
On Monday, October 1,1984, a United States Forest Service pickup driven by Johnny Flagget was eastbound on his way toward the top of Marias Pass. At approximately 8:55 a.m., when the Flagget vehicle entered the curve at milepost 194.4 it struck a patch of black ice, spun out of control, crossed the centerline and collided with a west bound automobile driven by Michael Scott. Mr. Scott was killed and his wife Debbie, a passenger in the vehicle, was seriously injured.
At the time of the accident, black ice covered both east and west bound lanes of the highway and extended for several hundred feet. The ice was immediately opposite and downhill from the snow berm which was four inches thick on the morning of the accident and located on the high side of the cmrve. The section of the highway where the curve is located was not patrolled by the maintenance crew that day nor was there any sand on the roadway or warning signs in the immediate vicinity of the accident. Investigators determined the ice formed when the snow berm melted during the day causing water to *500 run across the roadway which then froze when the temperature dropped in the evening.
On July 14, 1987, plaintiffs filed a complaint in the Eleventh Judicial District Court, Flathead County, seeking to recover damages against the State. The complaint alleged that the State was negligent in maintaining or monitoring the highway near the accident scene. Trial commenced on November 22, 1989. Plaintiffs’ motion for a directed verdict at the close of the State’s evidence was denied and the jury found for the State. Plaintiffs then moved the court, pursuant to Rule 50(b), M.R.Civ.P., for judgment notwithstanding the verdict, or in the alternative, a new trial. The District Court denied this motion. Plaintiffs now appeal.
I.
Did the District Court err in denying plaintiffs’ motions for a directed verdict and for judgment notwithstanding the verdict?
The standard of review in an appeal from a denial of a motion for judgment notwithstanding the verdict made pursuant to Rule 50(b), M.R.Civ.P, is the same as that for review of a motion for a directed verdict, and a directed verdict may be granted only when it appears as a matter of law that the non-moving party could not recover upon any view of the evidence, including the legitimate inferences to be drawn from it. Wilkerson v. Sch. Dist. No. 15, Glacier Cty. (1985), 216 Mont. 203, 211, 700 P.2d 617, 622. This Court’s function on appeal is to review the evidence in a light most favorable to the prevailing party to determine whether substantial evidence supports the jury’s verdict. Sizemore v. Montana Power Co. (1990), [246 Mont. 37,] 803 P.2d 629, 636, 47 St.Rep. 2252, 2256. This Court cannot reweigh the evidence or disturb the findings of a jury unless that evidence is so inherently impossible or improbable as not to be entitled to belief. Sizemore, 803 P.2d at 636, 47 St.Rep. at 2256.
Plaintiffs assert that the jury instructions, when related to the facts of the instant case, conclusively establish negligence on the part of the State which could not be overlooked by the jury. The District Court instructed the jury that the black ice at the accident scene constituted a hazardous condition and that when such a condition is created or maintained by the State, it is not necessary to show, as a condition precedent to liability, that the State had notice of the condition for a sufficient length of time to remedy it. The court further instructed the jury that inherent in the State’s duty of care, when the *501 State knows or in the exercise of reasonable care should know of a hazardous condition, is the alternative duty to either eliminate the condition or to post adequate signs warning of the hazard if the condition cannot be immediately corrected. In determining whether the State exercised reasonable care the jury was instructed to consider all surrounding circumstances including the state of the art, the priorities set by the State, the methods of maintenance and practical alternatives.
The State is not an insurer of one who uses the highways. State ex rel. Bjord v. District Court (1977), 175 Mont. 63, 67, 572 P.2d 201, 203. However, the State is under a duty to keep its highways in a reasonably safe condition. Buck v. State (1986), 222 Mont. 423, 429, 723 P.2d 210, 214. The State’s duty to keep its highways in a reasonably safe condition extends to the paved portion of the roadway, to the shoulders and the adjacent parts thereof, including guardrails, or bridge abutments. Buck, 222 Mont. at 429, 723 P.2d at 214. What constitutes a reasonably safe condition is generally considered to be a question of fact. Kaiser v. Town of Whitehall (1986), 221 Mont. 322, 327, 718 P.2d 1341, 1344; Limberhand v. Big Ditch Co. (1985), 218 Mont. 132, 144, 706 P.2d 491, 498.
In this case the accident occurred in an area which is part of a twenty-nine mile section of highway maintained by a four-member maintenance crew. Crew members testified the highway was plowed in the usual manner and it was inevitable that some snow would be left on the shoulders of the roadway and under guardrails. There was testimony that snow along the shoulders of the roadway and under guardrails is common during the winter months on all Montana roads and that this does not, in and of itself, create a hazardous driving condition. Crew members also testified that there was no practical alternative to the way the snow was removed from the roadway due to the type of equipment available, risks to the traveling public, and the number of labor-hours required.
In support of their argument that the State was negligent plaintiffs point to the Highway Department’s maintenance manual which prohibits plowing snow to the high side of a curve when possible. However, the jury was instructed that it was up to it to decide if violations of the maintenance manual constituted negligence on the part of the State under the circumstances presented. This is in accord with Townsend v. State (1987), 227 Mont. 206, 738 P.2d 1274, in which we held that violations of the maintenance manual is evidence of negligence but is not negligence per se.
*502 The entire twenty-nine mile section of highway was patrolled by the maintenance crew during the work week immediately preceding the day of the accident. Testimony regarding the road conditions during this time was that by September 28 the road was bare and dry throughout the entire section. The maintenance crew took the weekend off. However, on Saturday, September 29, two members of the crew traveled over the road while off duty and did not see any wet or icy spots.
On the morning of September 30, an accident occurred at the same site where the Scott accident was to occur the following morning. This accident was investigated by Highway Patrol Officer Vollrath. Plaintiffs argue that the State had notice of the existing icy conditions through Officer Vollrath’s investigation of the accident. Officer Vollrath testified that when he arrived at the scene of the accident the roadway was icy and when he left it was wet. He did not notify the maintenance crew of the condition of the road because he did not believe there was a potential for danger. He stated the weather was warm enough that he did not need a coat and he believed that the water would evaporate off the highway. He further testified that during the eight years he was stationed at East Glacier he had often seen water on the roadway and snow under or over the top of the guardrails and that water on a comer does not necessarily constitute a hazard.
Anthony Babcock, acting crew foreman on the day of the accident, testified that the highway was not patrolled on that day because the weather had warmed up to a point where he felt a patrol was not needed. Arthur Little, maintenance superintendent, testified that the decision of whether or not to patrol the highway on a particular day is a judgment call based on the weather. The crew members all testified that before the accident they had never encountered the situation where only one curve of the highway was icy while the remainder of the section was bare and dry.
These facts rise to the level of substantial evidence required to support the jury’s verdict. The evidence established a reasonable basis for which an honest difference of opinion could arise on the question of negligence on the part of State under the circumstances presented. Accordingly, we hold the District Court did not err in denying plaintiffs’ motions for a directed verdict and for judgment notwithstanding the verdict.
*503 II.
Did the District Court err in giving two jury instructions to which plaintiffs objected?
Plaintiffs’ first argument is directed to Instruction No. 23 which provides:
‘You may not consider evidence of conduct of the State in patrolling the highway after October 1, 1984, as any evidence of negligence or culpable conduct on the part of the State.”
Plaintiffs assert that testimony of subsequent patrol was introduced to impeach maintenance foreman Babcock’s reason for failure to patrol on the day of the accident and the District Court erred in giving Instruction No. 23 in that it effectively advised the jury that it should not consider this evidence.
Rule 407, M.R.Evid., addresses subsequent remedial measures and states:
“When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.”
It seems clear that patrolling the highway after the date of the accident was a measure which, if taken previously, would have made the accident less likely to occur. The District Court properly instructed the jury that it could not consider this as evidence of negligence or culpable conduct on the part of the State. Although the testimony of subsequent patrol could not be considered as evidence of negligence or culpable conduct on the part of the State, it was admitted into the record and could be considered by the jury for another purpose. We hold there was no error in giving Instruction No. 23.
Plaintiffs next contend that the District Court erred in giving Instruction No. 14 and refusing plaintiffs’ proposed Instruction No. 45. Instruction No. 14 reads as follows:
“The State of Montana is not an insurer of the safety of persons who use the highways.
*504 “A state must exercise reasonable care to keep the highways over which it has exclusive control reasonably safe for travel.
“Inherent in the duty of reasonable care to be exercised by the defendant, State of Montana, when it knows or in the exercise of reasonable care should know of a hazardous condition, is the alternative duty either to eliminate hazardous conditions or to post adequate and appropriate signs to warn the traveling public of their presence if the conditions cannot be immediately corrected.”
Plaintiffs argue the court erred in that this instruction submitted to the jury the issue of whether the State knew or, in the exercise of reasonable care, should have known of the hazardous condition. Plaintiffs maintain that under the facts established by the record the State created the condition and the highway patrol had knowledge of the condition; therefore, the State would be charged with notice as a matter of law. Plaintiffs’ proposed instruction would have instructed the jury that under the facts of this case the State was presumed to have knowledge of the existing icy conditions.
Jury instructions on appeal are to be viewed in their entirety and in light of the evidence presented. Pipe Indus. Ins. Fund Trust v. Consol. Pipe Trades Trust (1988), 233 Mont. 162, 168, 760 P.2d 711, 715. Our review of the jury instructions in their entirety shows that Instructions Nos. 18 and 21 sufficiently instructed the jury in accordance with plaintiffs’ theory of the case. We hold there was no error in giving Instruction No. 14.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES BARZ, McDONOUGH and WEBER concur.