JUSTICE HUNT,
dissenting:
*145 I dissent from the majority’s opinion and would remand this case to the District Court for a new trial. The majority opinion considered five issues on appeal. I would reverse on Issues II, III, and V.
ISSUE II
Appellant contends the District Court’s offering, over objection, of Jury Instruction No. 39, regarding the practicability and cost of highway construction and maintenance, constituted reversible error. I agree.
The instruction at issue read as follows:
“A public entity is not liable for injury caused by a dangerous condition of its property of which it had actual or constructive notice if it establishes that the action taken to protect against the risk of injury created by the condition or the failure to take such action was reasonable.
“In determining whether it was reasonable, you shall consider the time and opportunity the defendant had to take action and weight [sic] the probability and gravity of potential injury to persons the defendant should have foreseen might be injured against the practicability and cost of protecting against the risk of such injury.” [Emphasis added.]
In essence, this instruction provides the State with a financial feasibility defense. This Court has previously held such a defense is not available to the State. State ex rel. Byorth v. District Court (1977), 175 Mont. 63, 572 P.2d 201. Byorth indicated that such a defense was never available to a private party and should not be available to the State. The financial feasibility defense has been before this Court on two occasions subsequent to Byorth. Modrell v. State (1978), 179 Mont. 498, 587 P.2d 405; Townsend v. State (1987), 227 Mont. 206, 738 P.2d 1274. In both decisions, this Court reaffirmed the Byorth holding. The following instruction, which was given in the present case as Instruction No. 27, was approved of by this Court in both Modrell and Townsend:
“If you find that Defendant State of Montana was negligent in planning, construction, signing or maintaining the highway in question, you may not excuse the State’s negligence on the ground that proper maintenance or lack of sufficient employees was beyond the financial means of the State of Montana. Lack of adequate funds or an adequate number of employees is not a factor in the duty of the State to plan, construct, sign or maintain its highways in a reasonably safe condition.” [Emphasis added.]
*146 Neither Modrell nor Townsend dealt with ajury instruction similar to Instruction No. 39. However, in both cases, the issue of a financial feasibility defense was raised at trial, contrary to our holding in Byorth. First in Modrell, then in Townsend, this Court apparently approved the introduction of evidence concerning the financial feasibility of various alternative courses of action by the State. The Court indicated that although Byorth was still the law in Montana, cost could be considered in the jury’s determination of the reasonableness of the State’s action in constructing and maintaining its highways. It was this language upon which the District Court understandably based its decision to give the respondents’ requested instruction concerning cost and practicability, resulting in the clearly contradictory instructions before the jury. Thus, the jury was told on the one hand that cost or financial feasibility was not a defense to any negligence by the State, while at the same time they were instructed to consider cost in determining if the State’s actions were reasonable, i.e., negligent or not negligent. As Justice John C. Sheehy correctly pointed out in his dissent in Modrell:
“I am also of the opinion that there is an irreconcilable conflict between the holding in the majority opinion and our holding in the Byorth case. In Byorth, this Court stated if the State failed to discharge its duty to construct reasonably safe highways, and that failure resulted in injury, the State was liable ‘regardless of [its] personal financial priorities.’ 572 P.2d at 203. Yet here we are stating that financial priorities are a ‘factor’ in determining negligence. Thus we now accord the State what was condemned in Byorth, ‘a defense a private party never had.’ ” 572 P.2d at 203.
Modrell, 587 P.2d at 410.
Faced with these contradictory instructions given by the trial court, there was no way for the jury to determine if cost was or was not a proper factor for their consideration in determining if the State was negligent. I am persuaded this Court’s original analysis set forth in Byorth was correct and that financial feasibility should not be a factor in determining whether the State planned, constructed, or maintained its highways in a negligent manner.
ISSUE III
The third issue considered by the majority concerned the District Court’s refusal of appellant’s challenge for cause of a prospective juror. I accept the majority’s decision that the proper standard of review in this situation should be a clearly erroneous standard. *147 However, even when reviewing the trial court’s decision under this standard, which requires this Court to defer to the decision below unless clearly erroneous, I would reverse on this issue.
The Montana Constitution, art. II, § 26, guarantees the right to a jury trial, and, as we have previously stated, “[c]oncomitant with that right is the right to a fair and impartial jury.” Mahan v. Farmers Union Central Exchange (1989), 235 Mont. 410, 418, 768 P.2d 850, 855. A prospective juror who has demonstrated “an unqualified opinion or belief as to the merits of the action ...” is subject to a challenge for cause. Section 25-7-223(6), MCA. Additionally, the statute provides that a challenge for cause is proper in light of statements by the prospective juror “evincing enmity against or bias in favor of either party.” Section 25-7-223(7), MCA.
The statements made by the prospective juror in this case clearly fall within the statutory criteria for excluding a juror for cause. Even after attempted rehabilitation, the juror was only able to say that he thought he could be impartial and follow the law. This is clearly insufficient. After appellant’s challenge for cause, the prospective juror continued to demonstrate enmity against appellant’s action and bias in favor of the State. Appellant was entitled to have this juror dismissed for cause in light of the juror’s candid admissions of an unqualified opinion and belief as to the merits of the action. Appellant was forced to use a peremptory challenge to disqualify the juror. Appellant used all of his peremptory challenges.
The majority correctly points out that it is reversible error when the trial court, in an abuse of discretion, fails to properly dismiss a juror for cause. Abernathy v. Eline Oil Field Services, Inc. (1982), 200 Mont. 205, 216, 650 P.2d. 772, 778. This principle is unaffected by the majority’s adoption of the clearly erroneous standard in place of the abuse of discretion standard. I would reverse on this issue.
ISSUE V
I agree with the majority’s analysis of the testimony offered by respondents’ witness, Shirer, inasmuch as the majority found the testimony was error. However, the testimony in question was extremely prejudicial, and I would, therefore, reverse and remand for a new trial.
JUSTICE TRIEWEILER concurs with the foregoing dissent of JUSTICE HUNT.