JUSTICE BAKER,
dissenting.
¶19 I dissent from the Court’s decision to grant a new trial. In my view, the District Court did not abuse its discretion by giving a jury instruction previously approved by this Court as a correct statement of the law.
¶20 In Jacobsen, we upheld a defense verdict in a case involving damage caused by a wildfire. Jacobsen, 236 Mont, at 98, 769 P.2d at 698. The plaintiffs alleged negligence by the State in combating the fire. Id. Not unlike the Defendant in this case, the State claimed that forces ofnature-“specifically the sudden, strong winds”-caused the fire and the plaintiffs’ resulting losses. Id. at 97, 769 P.2d at 697. We approved the jury instructions, including the instruction challenged here, as an appropriate statement of the standard of care and a correct statement of principles of negligence law. Id. at 98, 769 P.2d at 698.
¶21 It is commonly recognized that “[floresight, not hindsight, is the standard by which a person’s duty of care is to be judged” in a negligence case. 57A Am. Jur. 2d Negligence § 125 (2010); Alcoa, Inc. v. Behringer, 235 S.W.3d 456, 460 (Tex. App. 2007) (“[floreseeability is not measured by hindsight, but instead by what the actor knew or should have known at the time of the alleged negligence.”). Likewise, foreseeability “does not require prescience, omniscience, or clairvoyance.” 57A Am. Jur. 2d Negligence § 470 (2010) (footnotes omitted). Jury instructions including some mention of “hindsight” have often been considered proper. Klisch v. MeritCare Med. Group, 134 F.3d 1356, 1359 (8th Cir. 1998) (upholding a jury instruction stating “[floresight, not hindsight, is the standard of negligence,” applying Minnesota law and citing cases); Zebley v. Heartland Indus, of Dawson, Inc., 625 F.3d 449, 457-58 (8th Cir. 2010) (upholding a hindsight instruction, applying North Dakota law and citing cases).
¶22 This Court has previously disapproved jury instructions that may tend to elevate certain principles above what is required to be proven in a negligence action or create an impression of a second hurdle the plaintiff is to overcome in order to prevail. Simonson v. White, 220 Mont. 14, 25, 713 P.2d 983, 989-90 (1986) (disapproving instruction on “sudden emergency” doctrine); Graham v. Rolandson, 150 Mont. 270, 290, 435 P.2d 263, 273 (1967) (disapproving instruction on “unavoidable accident”). I agree with the majority insofar as the first sentence of Instruction No. 9, in an ordinary negligence case, similarly may inject a “straw issue” into the case, suggesting a standard beyond *139 the presence or absence of ordinary care. Graham, 150 Mont, at 290, 435 P.2d at 273.
¶23 I do not agree, however, that the instruction should never be given. Courts have used the language of Instruction No. 9 numerous times in connection with product liability claims sounding in negligence. Dean v. Gen. Motors Corp., 301 F. Supp. 187, 192 (E.D. La. 1969) (ruling in favor of defendant manufacturer where “its product was designed with reasonable care for safety in the use for which it was manufactured, measured by the knowledge available both at the time of design and manufacture”); Garst v. Gen. Motors Corp., 484 P.2d 47, 61 (Kan. 1971) (directing judgment for defendant in negligent design case); Jones v. Hittle Serv., Inc., 549 P.2d 1383, 1394 (Kan. 1976); Maxted v. Pac. Car & Foundry Co., 527 P.2d 832, 835 (Wyo. 1974) (upholding judgment for defendant in negligent design case). In my view, the instruction appears best suited to situations involving evidence of new technological developments subsequent to the defendant’s alleged negligent acts. See 3 Frumer & Friedman, Products Liability § 18.03 (Matthew Bender 2010) (citingDean for the principle that a manufacturer cannot be held negligent for failing to utilize technologies unavailable at the time); Maxted, 527 P.2d at 835 (manufacturer not required “to adopt every possible new device which has been then conceived or invented”).
¶24 In addition, although Neumann correctly points out that the trial court is required to instruct the jury on an important part of a party’s theory in the case, Chambers ex rel. Chambers v. Pierson, 266 Mont. 436, 440-42, 880 P.2d 1350, 1353-54 (1994), Instruction No. 9 was not necessarily the best means of informing the jury’s consideration of the limited purpose for which it could consider evidence of subsequent measures taken by Neumann in his reconstruction of the roof. See e.g. Hash v. State, 247 Mont. 497, 503, 807 P.2d 1363, 1367 (1991).
¶25 Nonetheless, given that the instruction does not reflect an incorrect principle of negligence law generally, and-until today-had been held a proper jury instruction in a negligence case, I do not believe the trial court “acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason” in giving it. Peterson v. St. Paul Fire & Marine Ins. Co., 2010 MT 187, ¶ 22, 357 Mont. 293, 239 P.3d 904.
¶26 I would affirm the judgment of the District Court.
JUSTICE RICE joins in the dissenting Opinion of JUSTICE BAKER.